COMMISSIONER OF REVENUE *vs.* OUTDOOR WORLD CORPORATION. June 14, 2000. *Taxation,* Sales and use tax, Abatement.

The Commissioner of Revenue (commissioner) appeals, pursuant to G. L. c. 58A, § 13, from a decision of the Appellate Tax Board (board) ordering an abatement of a use tax assessed on promotional materials that Outdoor World Corporation (taxpayer) mailed from out-of-State locations to Massachusetts residents between 1990 and 1994. See G. L. c. 64I, § 2. We transferred the case here on our own motion, and reverse the board's decision.

The board, based on the parties' statement of agreed facts, found, in relevant part, as follows: During the relevant tax periods, the taxpayer was a Pennsylvania corporation with its principal place of business in Bushkill, Pennsylvania, whose primary business consisted of operating and selling memberships to campgrounds. Two of the taxpayer's thirteen campgrounds were located in Massachusetts, and the taxpayer also operated a sales office in this Commonwealth. The taxpayer sent commercial mailings to residents of, among other places, Massachusetts for the express purpose of communicating with existing campground members and soliciting new members, the latter consisting of persons who had specifically requested information and persons who met a membership profile developed by or on behalf of the taxpayer. The materials were prepared and produced in Pennsylvania, where the taxpayer's

purchase of supplies and services was not subject to a sales tax, and mailed from Pennsylvania to Massachusetts addressees by means of the United States Postal Service, either by first class or certified mail. The taxpayer directed the postal service to return all undeliverable mail to its Pennsylvania headquarters.

The commissioner, after auditing the taxpayer's sales and use tax returns for the relevant tax periods, assessed the taxpayer $38,493 in additional sales and use taxes, plus interest, which the taxpayer paid under protest. The taxpayer subsequently applied for an abatement in the amount of $4,089, that portion of the use tax attributable to its direct mailings to Massachusetts residents. Following the commissioner's denial of the application for abatement, the taxpayer appealed to the board, which concluded that the taxpayer, in arranging for promotional materials to be prepared in and mailed to Massachusetts residents from Pennsylvania, had not made a taxable "use" of tangible personal property within the Commonwealth and ordered an abatement of the use tax assessed on the direct mail materials.

The sole issue presented by this appeal is whether the taxpayer's distribution of direct mail materials by means of interstate mail to Massachusetts residents for the purpose of promoting its campground business constitutes a taxable "use" of tangible personal property in the Commonwealth pursuant to G. L. c. 64I, § 2, as that term is defined in G. L. c. 64I, § 1. The board found, and the parties agree, that this case is factually indistinguishable from *Commissioner of Revenue* v. *J.C. Penney Co.*, *ante* 684 (2000), decided today. In that case, we concluded that a taxpayer, in sending merchandise catalogs by interstate mail to Massachusetts residents for the purpose of soliciting mail order purchases, had exercised rights and powers over the catalogs in the Commonwealth incident to its ownership of the catalogs, thus satisfying the statutory definition of a taxable "use." See *id.* at 688-690. Moreover, we observed that the commercial reality of direct mail marketing further supports the conclusion that the sender of such materials "uses" them within the meaning of G. L. c. 64I, §§ 1, 2. See *id.* at 690-691. Accordingly, we conclude that the taxpayer here likewise made a taxable "use" of the materials it mailed to Massachusetts residents to promote its campground business and that the use tax was, therefore, correctly assessed.

*Decision of the Appellate Tax Board reversed.*

*John E. Bowman, Jr.*, Assistant Attorney General, for the Commissioner of Revenue.

*Joseph W. Allen, III*, for the taxpayer.